# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:26-CV-00387-KDB-DCK

LAUREN POWERS,

**Plaintiff,**

v.

SARAH POLUHA,

**Defendant.**

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Plaintiff's Motion for Discovery (Doc. No. 8), which seeks "jurisdictional discovery" with respect to Defendant's Motion to Dismiss for lack of personal jurisdiction. In this "heart balm" lawsuit,[1] Plaintiff contends that Defendant is liable for "alienating the affections" of her soon to be former husband, William Powers ("Mr. Powers"). Specifically, Plaintiff alleges that Defendant, one of his co-workers, enticed him into a romantic relationship, in part through communications into North Carolina.

In response to the Complaint, which she removed to this Court, Defendant filed a Motion to Dismiss for lack of personal jurisdiction, arguing that the affair took place only in New York (where she resides) and on two business trips outside North Carolina. Further, she asserts that it was Plaintiff's husband who first pursued the relationship, telling her that the marriage was already

---

[1] North Carolina remains one of the few states that permits such actions, along with Mississippi, South Dakota, Hawaii and, until May 2027, Utah. *See Ammarell v. France*, No. 316CV00708RJCDSC, 2018 WL 2843441, at *1 (W.D.N.C. June 11, 2018) (finding that North Carolina tort claims for alienation of affection and criminal conversation pass constitutional muster).

1

broken (which she alleges is consistent with Plaintiff's divorce petition). As additional support for her dismissal motion, Defendant references a number of texts and other communications, but has not filed those documents in the record. *See* Doc. No. 3-2.

In the discovery motion, Plaintiff seeks copies of the texts and communications referenced in Defendant's Motion to Dismiss and, more broadly, all communications between them. She also seeks documents and information related to any tangible items sent between Defendant and Mr. Powers, as well as money transferred between them. Finally, she seeks all photographs, videos and recordings that contain Defendant and Mr. Powers or were sent between them.

"The plaintiff's burden in establishing jurisdiction varies according to the posture of a case and the evidence that has been presented to the court." *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). If the court considers personal jurisdiction based on the pleadings, the plaintiff only needs to make a prima facie showing. *Id*. But because a plaintiff must establish personal jurisdiction at every stage, including ultimately "by a preponderance of the evidence," the Fourth Circuit has said that "the better course is for the district court to follow a procedure that allows it to dispose of the motion as a preliminary matter." *Id*. Accordingly, the Court will allow the Plaintiff to pursue limited discovery to the extent and in the manner described below. *See Pandit v. Pandit*, 808 F. App'x 179, 183 (4th Cir. 2020) ("[j]urisdictional discovery is proper when the plaintiff has alleged sufficient facts to suggest the possible existence of personal jurisdiction.").

Specifically, Defendant is ordered to produce to Plaintiff's counsel on or before August 3, 2026, with an "attorney's eyes only"[2] designation (and subject to appropriate related protocols to protect this highly confidential discovery) the following documents and information:

---

[2] Plaintiff's counsel need not and may not discuss the contents of any particular text, document or other portion of the production or response with Plaintiff, but may very generally describe the

1. All texts or other communications referenced by Defendant in support of her Motion to Dismiss (*See* Doc. No. 3-2) and any other communication or tangible item she intends to use to support her Motion to Dismiss;

2. An answer to Interrogatory No. 1 in Plaintiff's proposed First Set of Interrogatories (Doc. No. 8-6);

3. A copy of all personal[3] written / digital communications (of any kind) between Defendant and Mr. Powers when one or both of them were in North Carolina[4] (or when the location of Mr. Powers was unknown) from February 1, 2023 (two months prior to the first date referenced in the Complaint), until May 2, 2025 (the date of the divorce complaint); and

4. All photographs, videos, and recordings that contain Defendant and Mr. Powers that were exchanged or were sent between them when one or both of them were in North Carolina (or when the location of Mr. Powers was unknown) from February 1, 2023 (two months prior to the first date referenced in the Complaint), until May 2, 2025 (the date of the divorce complaint). Further, any photographs, videos and recordings that depict or record Defendant and Mr. Powers in North Carolina during these dates must be produced.

---

discovery collectively to permit Plaintiff to understand the merits of Defendant's jurisdictional motion for the purpose of, for example, potentially resolving the motion or the entire action.

[3] For the avoidance of doubt, Defendant need not produce work related documents between herself and Mr. Powers; however, if a communication mixes work and personal communications beyond standard pleasantries then it must be produced (potentially in a redacted form if necessary to protect the confidentiality of the work communication).

[4] In other words, communications between Defendant and Mr. Powers when both of them were outside of North Carolina need not be produced at this time, except for any documents responsive to item #1.

3

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Discovery (Doc. No. 8) is **GRANTED, in part,** as described above;

2. Defendant shall produce the documents and information with an "attorney's eye's only" designation and the other protections set forth above on or before August 3, 2026;

3. In light of the allowance of jurisdictional discovery, further briefing on the Motion to Dismiss is scheduled as follows: On or before August 31, 2026, Plaintiff may file a supplemental brief in opposition to the Motion to Dismiss, not to exceed 10 pages in length. Defendant's Reply brief, (currently due on July 7, 2026), is now due on September 14, 2026, not to exceed 15 pages in length; and

4. Following the conclusion of briefing, the Court will schedule a hearing on the Motion to Dismiss (unless the Court determines based on the Parties' briefing that a hearing is unnecessary).

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 2, 2026

Kenneth D. Bell
United States District Judge

4